Alma COLES, Petitioner,

v.

Honorable Rabe F. MARSH, United States District Judge, Nominal Respondent,

Blue Cross of Western Pennsylvania, Respondent.

No. 77–1235.

United States Court of Appeals, Third Circuit.

Argued May 5, 1977.

Decided July 28, 1977.

Clifford C. Cooper, Pittsburgh, Pa., for petitioner.

Joseph Friedman, John F. Perry, Springer & Perry, Pittsburgh, Pa., for Real Party in Interest.

Before SEITZ, Chief Judge, ROSENN, Circuit Judge, and LORD, District Judge *.

## OPINION OF THE COURT

SEITZ, Chief Judge.

■ Petitioner is a plaintiff in the district court who brought suit on behalf of herself and others similarly situated against her employer, Blue Cross of Western Pennsylvania, alleging that it was guilty of discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The district judge, at defendant's request, entered an order on December 17, 1976 prohibiting certain communications between plaintiff or her attorney and certain third parties including potential members of the class and civil rights organizations. Plaintiff petitions this court pursuant to 28 U.S.C. § 1651(a) to issue a writ of mandamus directing the district court to vacate the December 17 order among others.[1]

In *Rodgers v. United States Steel Corp.,* 508 F.2d 152 (3d Cir.), *cert. denied,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975), we invalidated Rule 34(d) of the Local Rules of the District Court for the Western District of Pennsylvania. That rule provides:

(d) No communication concerning such action shall be made in any way by any of the parties thereto, or by their counsel, with any potential or actual class member, who is not a formal party to the action, until such time as an order may be entered by the Court approving the communication.

Rule 34(d) could be applied, and in *Rodgers* was applied, to regulate communication on the part of a plaintiff seeking class action status or his attorney with third persons including potential members of the class at a time when class status had not been granted. Inquiring whether this rule was within the rulemaking authority granted by Fed.R.Civ.P. 83, we said that "[w]e must take into account that the reason

1. Petitioner also requested that the writ be issued to vacate an order postponing a deposition and an order setting a trial date. We conclude that these orders properly are not reviewable under the extraordinary writ.

urged for applying the prohibition on communication is, in the words of the district court, the prevention of 'barratry'." 508 F.2d at 163. We said that "[t]here is no general grant of legislative authority to regulate the practice of law," and that "[t]here is no federal common law offense of barratry." Concluding that it would be inconsistent with Fed.R.Civ.P. 23 to prohibit communications designed to encourage common participation in a lawsuit, we held that the Local Rule, at least to the extent that it permitted prohibition of such communication prior to the class determination, was outside of the authority granted under Fed.R.Civ.P. 83.

Since in the instant case the December 17 order postdated our decision in *Rodgers*, it was premised not on Local Rule 34(d), which *Rodgers* abrogated and which has not been amended subsequently, but on the omnibus sentence of Fed.R.Civ.P. 83 which provides that "[i]n all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules." Thus, as in *Rodgers*, we must consider whether Rule 83 empowers the district court to prohibit communications at a time prior to the class determination.

The substance of the December 17, order is taken verbatim from 1 (pt. 2) J. Moore, *Manual For Complex Litigation*, Part II-App., Para. 1.41 at 189, Sample Pretrial Order No. 15, prepared by a committee under the aegis of the Federal Judicial Center. The order provides:

> ORDERED, that Plaintiff, Alma Coles, and her attorney, Clifford C. Cooper, Esquire, are prohibited directly or indirectly, orally or in writing, from contacting, soliciting or communicating with any potential or actual class member who is not a formal party to this suit, including but not limited to Diane Bey, Lois Broadus, Joyce Lang, Joyce Deas, Marlene Ramsey, Marcia Smith, June Pickett, Judy Harris, Barbara Davis, the local chapter of the NAACP, its officers, members and Board, the Direct Action Coalition, the National Organization of Women

(N.O.W.) and Women in Urban Crises, for the purposes of, but not limited to:

> a. Solicitation, directly or indirectly, of legal representation of potential and actual class members who are not formal parties to this action;

> b. Solicitation of fees and expenses and agreements to pay fees and expenses from potential and actual class members who are not formal parties to the class action;

> c. Solicitation by Plaintiff and her counsel to the class action of requests by class members to opt out of class actions under subparagraph (b)(3) of Rule 23, Federal Rules of Civil Procedure; and

> d. Communications from counsel or party which may tend to misrepresent the status, purposes and effects of the class action, and of any actual or potential court orders therein, which may create impressions tending without cause, to reflect adversely on any party, any counsel, this court, or the administration of justice.

It is further Ordered that the following activities are not prohibited by this Order:

> a. Communications between Plaintiff's attorney and his client or a prospective client, who has on the initiative of the client or prospective client consulted with, employed or proposed to employ the attorney;

> b. Communications occurring in the regular course of business or in the performance of the duties of a public office or agency (such as the Attorney General) which do not have the effect of soliciting representation by counsel or misrepresenting the status, purposes or effect of the action and orders therein; or

> c. Any communications protected by any constitutional right.

And further, in the foregoing three instances the person making the communication shall within five days after such communication file with this Court a copy of such communication, if in writing, or an accurate and substantially complete summary of the communication if oral.

The obligations and prohibitions of this Order are not exclusive. All other ethical and legal obligations are unaffected by this Order.

The justification for this order is that it will ameliorate potential abuses of the class action. The defendant's motion for the order was based upon plaintiff's deposition testimony in which she indicated that she had contacted and would continue to contact present or former employees of Blue Cross with the hope of interesting them in participating in the suit. Moreover, plaintiff had contacted the National Association for the Advancement of Colored People and proposed to contact other organizations for the purpose of enlisting their support including financial support to partially defray litigation expenses. She further testified during the deposition that she had contacted a radio programmer whom she hoped would help in any way he could, possibly by providing advertising. Plaintiff admitted that her attorney was aware of, but did not seek to restrict her efforts to communicate with the aforementioned persons and organizations.

■ We do not accept the idea expressed by defendant that plaintiff's activities represent abuses of the class action device. Rather, plaintiff's activities were directed toward effectuating the purposes of Rule 23 by encouraging common participation in the litigation of her sex/race discrimination claim.[2] The activities were not abuses of the class action device but, at least arguably, violations of ethical norms traditionally accepted in the legal profession which make it improper, if not criminal, for a layman or his attorney to excite the interest of others in bringing suit or to accept money or assistance in prosecuting or defending suit. We hold, on the authority of *Rodgers, supra,* that the district court lacked power to impose any restraint on communication for the purpose of preventing the recruitment of additional parties

plaintiff or of the solicitation of financial or other support to maintain the action.

Of the four provisions restricting communication in the December 17 order, paragraphs a and b clearly are concerned with potential abuses of ethical norms rather than of the class action device and, thus, under *Rodgers,* the district court lacked power to impose them. Paragraphs c and d, on the other hand, conceivably could be used to further the policies of Rule 23 in a proper case. Neither is justified in this case, however.

■ Paragraph c is inapplicable since plaintiff brought this action under (b)(2), not (b)(3). Moreover, there is simply no basis in this record to believe that plaintiff would be interested in such a course of conduct. Similarly, with respect to paragraph d, defendant's motion for protective order is devoid of specific reference to possible prejudice to it in defending the action which would require protection.

■ We hold that to the extent that the district court is empowered under Rule 83 to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened. Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties. Imposition of an order on anything less than a clear showing of particularized need removes it from the area of discretion unreviewable by mandamus.

Because there is no basis for entering any protective order in this case, we are not called upon to consider whether a protective order consistent with Rule 23 would comport with constitutional guarantees.

**2.** This conclusion disposes of respondent's argument that Rule 23(d) provides a source of power for the imposition of the order apart

from the power granted under the omnibus sentence of Rule 83.

The writ will be granted directing the district court to vacate its order of December 17, 1976.[3]

3. We reject respondent's contention that, under the circumstances of this case, the equitable doctrine of laches bars the issuance of the writ.