**Harriet GOULDMAN et al.,**

v.

**SELIGMAN & LATZ OF HOUSTON, INC.**

Civ. A. No. H-77-81.

United States District Court, S. D. Texas, Houston Division.

June 25, 1979.

Beverly B. Lord, Houston, Tex., for plaintiff.

Douglas E. Hamel, Vinson & Elkins, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

This employment discrimination suit was provisionally certified as a class action on December 18, 1978. The provisionally certi-

fied class consists of all females who applied for employment as hairdressers and all female hairdressers at the defendant's Saks Fifth Avenue location in Houston on or after April 17, 1976. Presently before the court is the plaintiff's motion, pursuant to Local Rule 6 of the United States District Court for the Southern District of Texas, *see* Appendix, to communicate with this class.

The plaintiff has moved for permission to communicate with the applicant members of the class regarding the conditions of their applications for employment, their qualifications for employment, their subsequent employment history, and any damages to which they may be entitled. She has moved for permission to communicate with the employee members of the class regarding the period and conditions of their employment, their qualifications for and duties of employment, and any damages to which they may be entitled. In conjunction with her motion, the plaintiff has submitted for approval a letter of initial contact to applicant members of the class which describes the pending action and inquires into whether the applicant "may have been discriminated against." She has also proposed to comply with Local Rule 6 by informing the court and opposing counsel in writing of the subject matter of and participants in each of her communications with members of the plaintiff class.

The defendant has opposed the motion to communicate. He contends that Local Rule 6 requires the plaintiff to submit for approval actual copies of all proposed written communications, not simply a list of subjects to be covered. In addition, he urges disapproval of the letter that the plaintiff has submitted in advance on the grounds that it fails to inform class members that the defendant has denied the plaintiff's allegations[1] and that they need not respond to the letter or participate in the lawsuit. He offers a proposed letter and two-page questionnaire in its stead. Finally, he opposes the plaintiff's proposed method of handling further communications with the class, as he feels it neither complies with the summary requirements of Local Rule 6 nor provides adequate assurance that the plaintiff's oral communications will be within the rule's parameters.

■ Having carefully considered both the language and the underlying purposes of Local Rule 6, I do not find the defendant's arguments persuasive. Local Rule 6 is intended to prevent abuses of the class action mechanism. In keeping with this purpose, paragraph one of the rule requires prior approval of a certain limited type of communications—those concerning solicitation. The proposed communications do not fall within that category. To begin with, the plaintiff need not solicit the members of the class; she is already their legal representative. The class has been provisionally certified. More importantly, the communication involved here is of a discovery nature. It seeks to obtain information which may help the plaintiff to demonstrate the continued maintainability of the suit as a class action or to prove the merits of her claim. The prior restraint provision of Local Rule 6 does not apply to such communications. To hold otherwise would be to raise questions as to the provision's constitutional and statutory validity. *See Rodgers v. United States Steel Corp.,* 508 F.2d 152 (3d Cir. 1975), *cert. denied,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975); *Coles v. Marsh,* 560 F.2d 186 (3d Cir. 1977), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977); *but see Waldo v. Lakeshore Estates, Inc.,* 433 F.Supp. 782 (E.D.La. 1977), *appeal dismissed,* 579 F.2d 642 (5th Cir. 1978).

Since the plaintiff's proposed letter of initial contact to applicant members of the class does not concern solicitation, it does not require prior approval under paragraph one of Local Rule 6. The defendant contends, however, that the proposed letter violates paragraph two of the rule, i. e. it "misrepresent[s] the status, purposes or effects of the action." If this were so, the available remedy, under paragraph two,

---

1. The plaintiff has offered to amend her letter to note this fact.

would be "appropriate corrective action," rather than prior restraint, but the plaintiff has submitted the letter for approval and time and energy can be saved by ruling now.

The proposed letter is approved in its entirety. It is not at all clear that the applicant members of the class do not already know the information the defendant wishes to convey to them. They may be aware that the defendant has denied the allegations and that they need not participate in the case or respond to the letter. They may learn this from future communications with the plaintiff and her counsel, or the defendant and his counsel. Whether they do or not, the absence of this information from the proposed letter does not cause it to "tend[ ] to misrepresent the status, purposes and effects of the action."

As for future communications between the plaintiff or her counsel and class members, only those aspects of communications which "purport[ ] in any manner to represent the status, purposes or effects of the class action, or of actual or potential orders therein, shall be filed with the Court" and sent to opposing counsel within five days of their occurrence. Assuming they do not violate the provisions of paragraph one, all other aspects of communications need not be reported. The reporting provisions of Local Rule 6 are not intended to be a substitute for discovery by the nonclass party; they are intended to prevent abuse of the class action process. Care must be taken in enforcing them not to infringe upon the confidentiality of the attorney-client relationship and the first amendment rights of the parties involved. Of course, when communications are to be reported, "a copy of written communications or an accurate and substantially complete summary of oral communications" must be submitted.

Finally, the defendant is correct that we are not assured that the plaintiff's oral communications will be within the parameters of Local Rule 6. There are some areas in which we must rely upon the good faith of the parties. The first amendment allows no less. If the defendant becomes aware of any violation of Local Rule 6 by the plaintiff or her counsel, he should, of course, report it to the court at once.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED:

(1) that plaintiff's Motion to Communicate with Members of the Class, although not required by Local Rule 6, be, and the same is GRANTED;

(2) that plaintiff's proposed letter of initial contact to applicant members of the class, although not required to be submitted for approval by Local Rule 6, be, and the same is, APPROVED;

(3) that plaintiff and plaintiff's counsel report, pursuant to the provisions of Local Rule 6, only those aspects of communications which purport in any manner to represent the status, purposes, or effects of the class action, or of actual or potential orders therein.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

Local Rule 6. Class Actions: Solicitation and Communication Forbidden.

In every alleged or certified class action under Rule 23, Federal Rules of Civil Procedure, all formal parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, from communicating with any asserted or actual class member not a formal party to the action concerning (a) solicitation directly or indirectly of legal representation of asserted and actual class members who are not formal parties to the class action; (b) solicitation of fees and expenses and agreements to pay fees and expenses, from asserted and actual class members who are not formal parties to the class action; and (c) solicitation by formal parties to the class action of requests by class members to opt out in class actions under subparagraph (b)(3) of Rule 23, Federal Rules of Civil Procedure, unless the communication has been approved in advance by order of the Court.

Any such proposed communication shall be filed with the Court; all addressees shall be properly designated and a motion and proposed order for prior Court approval of the communication shall be included. A copy of the proposed communication shall be sent to all opposing counsel, and such counsel shall have five business days to file written opposition to the proposed communication before it is considered by the Court.

Any communication between any formal party or counsel, on the one hand, and asserted or actual class members, on the other hand, which purports in any manner to represent the status, purposes or effects of the class action, or of actual or potential orders therein, shall be filed with the Court within five days after such communication. Counsel who engages in or represents a formal party who engages in any such communications shall file a copy of written communications or an accurate and substantially complete summary of oral communications, certifying that a copy has been sent to all opposing counsel. Any written objection to the prior communication shall be submitted within five days after its filing. If the Court determines that the communication violates any of the prohibitions listed in paragraph one *or* tends to misrepresent the status, purposes or effects of the action or the orders therein, then the Court shall take appropriate corrective action.

This rule does not apply to: (1) any communications not described in paragraphs one or two; (2) communications between an attorney and a prospective client if the prospective client has (a) expressed an interest in becoming a formal party to the pending litigation and (b) initiated the contact; and (3) communications occurring in the regular course of business or in the performance of the duties of a public office or agency (such as the Attorney General) which do not have the effect of soliciting representation by counsel or misrepresenting the status, purposes or effect of the action and orders therein.

The obligations and prohibitions of this rule are not exclusive. All other ethical, legal and equitable obligations are unaffected by this rule. Attorneys who willfully violate this rule may be subjected to appropriate disciplinary action.