Catherine GORDON, et al., Plaintiffs,

v.

KALEIDA HEALTH, et al., Defendants.

No. 08–CV–378S(F).

United States District Court,
W.D. New York.

May 13, 2010.

Thomas & Solomon, LLP, J. Nelson Thomas, of Counsel, Rochester, NY, for Plaintiffs.

Coburn & Coffman, PLLC, Jonathan W. Greenbaum, of Counsel, Washington, D.C., Nixon Peabody, LLP, Susan C. Roney, of Counsel, Buffalo, NY, for Defendants.

## DECISION and ORDER

LESLIE G. FOSCHIO, United States Magistrate Judge.

### JURISDICTION

By order of Hon. William M. Skretny, dated January 6, 2010 (Doc. No. 252), this matter was referred to the undersigned for all non-dispositive pretrial matters pursuant 28 U.S.C. § 636(b)(1)(A). The matter is presently before the court on Defendant's motion for a protective order filed December 15, 2009 (Doc. No. 237).

### BACKGROUND and FACTS [1]

By Decision and Order filed October 14, 2009, 2009 WL 3334784 (Doc. No. 228) ("Decision and Order"), District Judge Skretny conditionally certified Plaintiffs' action seeking unpaid hours of work and overtime pay for work performed by direct-care nurses and aides during meal breaks based on Plaintiffs' alleged "automatic meal break deduction" for Defendants' present and former hourly employed nurses and therapists at eleven facilities operated by Defendants as a collective action pursuant to the Fair Labor Standards Act ("FLSA") Section 216(b), 29 U.S.C. § 216(b) ("§ 216(b)"). Decision and Order at 16. However, finding insufficient evidence that Plaintiffs are similarly situated with respect to Plaintiffs' claims for indirect patient care employees as to the meal time deduction claim and Defendants' failure to pay for "work performed before or after shifts and time spent attending training sessions" required by Defendants, Judge Skretny did not render a determination as to these claims. *Id.* at 19. Plaintiffs also alleged similar claims for unpaid wages and overtime based on Defendants' violations of New York law, specifically,

---

1. Taken from the pleadings and papers filed in this action.

New York State Labor Law §§ 190, 650 (McKinney's 2002) as a class action. At present, Plaintiffs have not moved to certify a class action on these state claims pursuant to Fed. R. Civ. P. 23, nor have Plaintiffs taken further steps to seek conditional certification of their remaining FLSA claims regarding unpaid shift and training time. Plaintiffs' Memorandum at 1.

Judge Skretny also directed Defendants to provide to Plaintiffs the names, addresses of employment locations, and dates of employment for all members of the conditionally certified class to facilitate notice of the conditionally certified collective action to the putative class members and the exercise by such members of their right to opt into the suit pursuant to § 216(b). Decision and Order at 16. Judge Skretny further directed the parties to stipulate to a form of notice to such class members informing them of their option to elèct to join the collective action by written notice sent by first-class mail to Plaintiffs' counsel within 60 days following the approval of the form of notice by the court. *Id.* at 21, 23. The stipulated form of notice was filed with the court on November 12, 2009 (Doc. No. 230) and approved by Judge Skretny by order filed December 4, 2009 (Doc. No. 233).

On December 15, 2009, Defendants filed the instant motion along with the Declaration of Jonathan W. Greenbaum in Support of Motion for a Protective Order (Doc. No. 237–2) and attaching as Exhibit A Defendants' proposed protective order ("the Proposed Protective Order") (Doc. No. 237–2). Defendant also filed its Memorandum in Support of Motion for a Protective Order (Doc. No. 237–3) ("Defendants' Memorandum").

On March 3, 2010, Plaintiffs filed Plaintiffs' Memorandum of Law in Opposition to Defendants' Respective Motions for Protective Orders (Doc. No. 278).[2] ("Plaintiffs' Memorandum") along with Exhibits A and B ("Plaintiffs' Exh.(s) _____"). Plaintiffs' Exh. A is a copy of an unpublished Decision and Order in *Bernhardi v. Lowe's Companies, Inc.,* No. 03–CV–6372, slip. op. (W.D.N.Y. Apr. 11, 2003) (Telesca, J.) (*"Bernhardi "*); Plaintiffs' Exh. B is a copy of a text order related to the *Taylor* case discussed *infra.*

On March 18, 2010, Defendants filed a Reply Memorandum in Further Support of Defendants' Motion for a Protective Order (Doc. No. 282) ("Defendants' Reply"). Limited discussion of Defendants' motion was conducted during a pretrial conference held February 3, 2010, during which the parties reached an informal understanding making unnecessary an immediate ruling on Defendants' motion by the court (Doc. No. 272). Formal oral argument was deemed unnecessary.

## DISCUSSION

■ At the outset, Defendants concede that one element of the Proposed Protective Order sought by Defendants' motion, that Plaintiffs be prohibited from contacting conditionally certified class members during the 60–day opt-in period established by Judge Skretny, Proposed Protective Order ¶ 3, is now moot as the 60–day period closed on February 2, 2010. Defendants' Reply at 1, n. 1. The court therefore turns to Defendants' remaining requests that (i) Plaintiffs' counsel be prohibited from using the class member identification information provided to Plaintiffs pursuant to the Decision

---

**2.** Plaintiffs' Memorandum also opposed an identical motion by Defendants in a parallel action, *Hinterberger v. Catholic Health System,* *Inc.,* No. 08–CV–380S(F) (W.D.N.Y.) filed May 22, 2008.

and Order "for any reason other than the issuance of Notice to the conditionally certified FLSA class," Proposed Protective Order ¶ 1, and (ii) Plaintiffs' counsel also be prohibited from using such information in order to "initiate phone contact or in-person contact with prospective collective action members to solicit them to join the lawsuit." Proposed Protective Order ¶ 2. According to Defendants, these "narrowly tailored," Defendants' Memorandum at 1, requested restrictions on Plaintiffs' counsel's use of the employee information provided by Defendants and, therefore, Plaintiffs' counsel's ability to contact Defendants' employees, are needed to "address concerns regarding Plaintiffs' counsel's communications with and use of information relating to potential class members during the notice period." Greenbaum Declaration ¶ 2. Although the 60–day notice period has expired, Defendants nevertheless contend, with apparent circularity, that the Proposed Protective Order, specifically ¶¶ 1 and 2, are necessary to "limit the Plaintiffs' use of such confidential information or to otherwise outline the parameters in which such information can be used." Defendants' Reply at 1.

Defendants' "concerns" are based on the asserted need to prevent Plaintiffs' counsel from sending reminder notices to putative collective action class members about the 60–day limit on their opt-in right. Defendants' Memorandum at 4. Defendants also maintain their requested restrictions on communications to the protective class members by Plaintiffs' counsel in this case are needed to protect the "privacy interests of potential class members" in order to avoid "conflicting communications regarding the nature of the lawsuit," and to enforce DR 2–103 of the New York Code of Professional Responsibility which prohibits attorneys from solicitation of clients by means other than written communications. N.Y. Jud. Law § 482 (McKinney's 2005). Defendants' Memorandum at 3 n. 2. Alternatively, Defendants request the court require Plaintiffs' counsel obtain court approval of "any proposed supplemental notice" to "prospective class members." Defendants' Memorandum at 4.

In opposition, Plaintiffs state that as the 60–days opt-in period is complete, Defendants' requested restrictions on possible contacts by Plaintiffs' attorneys to Defendants' employees as potential class members to remind such employees of their opt-in right is now moot in accordance with the notice mailed to them in December, 2009, as Defendants concede, Plaintiffs' Memorandum at 4, and that the sole issue remaining on Defendants' motion is whether the court should prevent Plaintiffs from using Defendants' contact information to communicate with Defendants' employees who have not elected to join Plaintiffs' action and who may nevertheless be eligible to opt-in to a yet uncertified class on Plaintiffs' claims for unpaid shift change and training time as well as a class action based on Plaintiffs' state New York Labor Law claim for the unpaid meal-break time. *Id.* Plaintiffs make several arguments in opposition to Defendants' request.

First, Plaintiffs point out that the form of notice as approved by Judge Skretny contains no such restrictions and Defendants failed to object to Plaintiffs' stated intention to use the contact information to communicate with unrepresented employees in order to gain relevant evidence in support of Plaintiffs' claims. *Id.* Plaintiffs state Plaintiffs advised the court and Defendants, in Plaintiffs' motions requesting the court provide assistance in facilitating notice, that Plaintiffs intended to "contact potential witnesses to ascertain the facts and gather evidence," and that Defendants did not, at any time, object to Plaintiffs'

stated intention prior to Judge Skretny's approval of the stipulated form of notice on December 4, 2009. Plaintiffs' Memorandum at 4. Plaintiffs also argue that the potential communications to putative class members by Plaintiffs' counsel, which Defendants now seek to restrict, are subject to First Amendment protection against a judicially imposed prior restraint. *Id.* at 6 (citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) and *In re Sch. Asbestos Litig.,* 842 F.2d 671, 680 (3d Cir.1988)). Specifically, according to Plaintiffs, in an FLSA collective action judicial regulation of plaintiffs' counsels' communications with prospective class members or unrepresented non-participants may be imposed only upon a showing of (1) specific threatened abuse, (2) a record enabling the court to balance the risk of the threatened abuse against the free expression rights of the plaintiffs' counsel, (3) advancement of a substantial state interest in avoiding the threatened harm, and (4) narrowly drawn restrictions. Plaintiffs' Memorandum at 4–5 (citing *Bernard,* 452 U.S. at 101–02, 101 S.Ct. 2193 and caselaw).

Plaintiffs therefore contend that because Defendants have failed to establish any basis to believe Plaintiffs' counsel is likely to engage in abusive misconduct in using Defendants' employee contact information, acquired pursuant to Judge Skretny's order, to communicate with those employees who elected not to become members of the FLSA collective action, as conditionally certified by Judge Skretny in this action, Plaintiffs' Memorandum at 8, granting Defendants' motion would constitute prior restraint interfering with the First Amendment protected free speech rights of Plaintiffs' counsel and prospective class members in the yet uncertified class action based on Plaintiffs' state law claims, and the potential members of the class asserting claims for un-paid shift and training time as well as an abuse of judicial discretion. *Id.* at 8–9, 11. Plaintiffs also maintain that Defendants' Proposed Protective Order will impair Plaintiffs' counsel's ability to prosecute such prospective class action claims by requesting probative information to support those claims, and Plaintiffs' claims in the instant conditionally certified collective FLSA action. *Id.*

Defendants counter that Plaintiffs' assertion that Plaintiffs may use the contact information without restriction despite the fact that the 60–day period has now expired warrants judicial regulation of such potential further use by Plaintiffs. Defendants' Reply at 2. Specifically, according to Defendants, any contact unrelated to the notice of the conditional certification of the collective FLSA action, as directed by Judge Skretny, would constitute a "fishing expedition" with respect to uncertified class claims and should therefore be prohibited. *Id.* Defendants also contend their employees' privacy interests outweigh Plaintiffs' need for further contact and that Defendants have an obligation to protect the confidential nature of the employees' contact information. *Id.* In particular, Defendants contend that without the limitations as detailed in the Proposed Protective Order ¶¶ 1 and 2, the Defendants' employees for whom Defendants have provided address information to Plaintiffs, expecting the Plaintiffs' contact with these employees, providing opt-in information, as Plaintiffs and Defendants stipulated, limited to Plaintiffs' conditionally certified unpaid meal break claims, will be "bombarded with attorney solicitations designed to drum up participation" in Plaintiffs' other claims, specifically, Plaintiffs' unpaid shift break and training time claims, not yet conditionally certified as an FLSA collective action, or a class action to enforce Plaintiffs' New York Labor Law claims,

particularly given that Plaintiffs have failed thus far to show they are similarly situated with all of Defendants' employees with respect to such claims as Judge Skretny determined. Defendants' Reply at 3.

Defendants further assert that the Proposed Protective Order does not interfere with Plaintiffs' First Amendment rights as Defendants' motion merely seeks to enforce compliance with Judge Skretny's order regarding notice to the conditionally certified FLSA claim putative class members by limiting the use of the employee contact information to implementing Judge Skretny's order. Defendants' Reply at 3. According to Defendants, Plaintiffs' suggestion that the contacts Plaintiffs intend to make with Defendants' employees, who have not opted into the FLSA collective action as conditionally certified, to obtain information relevant to Plaintiffs' claims presents a discovery matter that is not ripe for disposition at this point in the litigation and that, as the employee contact information Defendants provided in compliance with Judge Skretny's order was based on the limited nature of Judge Skretny's conditional certification of Plaintiffs' meal break pay claim on behalf of direct-care nurses and therapists, by necessary implication the order disallows communications by Plaintiffs to such employees for any other purpose. Defendants' Reply at 5–6. Finally, Defendants contend Plaintiffs concede some form of judicial regulation of any unilateral communication to the employees was to be expected in this case. *Id.* at 6–7. Defendants did not respond directly to Plaintiffs' assertion that Defendants were aware Plaintiffs intended to use Defendants' employee contact information for purposes other than facilitating notice to the conditionally certified class but did not object to or seek the requested restrictions in Judge Skretny's notice order entered December 4, 2009 as Defendants' motion requests. Defendants do not seek to restrict Plaintiffs' access to those employees who elected to opt in to Plaintiffs' FLSA meal-break claims conditionally certified as those employees have thereby established an attorney-client relationship with Plaintiffs' counsel.

■ Class actions adjudicate the interests of absent parties creating "potential risks of prejudice or unfairness," thereby imposing "unique responsibilities on the court … [to] protect the interests of absent class members." MANUAL FOR COMPLEX LITIGATION, Fourth § 21 at 243–44 (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999); *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)). Because courts may issue, in class actions brought pursuant to Fed. R. Civ. P. 23(d)(1)(A)-(B), orders that are intended to protect class members and assure the fair conduct of the action, courts are also granted discretion in overseeing the process by which putative absent class members are given notice of the action. *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169–70, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (court approved notice of option to join collective action to enforce ADEA upheld as exercise of court's case supervision authority). However, judicially imposed restrictions on communications by class counsel with potential class members must be based on a "clear record" demonstrating "a likelihood of serious abuses." *Bernard,* 452 U.S. at 101, 104, 101 S.Ct. 2193 (order restricting class counsel's communication with prospective class members constituted abuse of discretion in absence of specific findings of abuse by class counsel). Examples of abusive conduct by parties to a class action in communicating with prospective class members that may be subject to judicial remedies include providing false, mislead-

ing or intimidating information, or other misconduct such as concealing material information or conducting communications with a represented party. MANUAL FOR COMPLEX LITIGATION, Fourth § 21.12 at 249 (citing cases). *See also Howard v. Securitas Sec. Services, USA Inc.,* 630 F.Supp.2d 905, 909 (N.D.Ill.2009) (directing FLSA plaintiffs to correct website statements about lawsuit "presented as proven facts rather than allegation."); *Bernard,* 452 U.S. at 102, 101 S.Ct. 2193 (restrictions on communications with putative class members required "showing by the moving party" of threatened abuses) (quoting *Coles v. Marsh,* 560 F.2d 186, 189 (3d Cir.)), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977).

■ Here, nothing in Defendants' submission establish, as is Defendants' burden, *Bernard,* 452 U.S. at 102, 101 S.Ct. 2193, that Plaintiffs have or propose to use the employee contact information beyond the provisions of Judge Skretny's notice order, or that Plaintiffs' counsel has engaged or threatens to engage in abusive or unethical conduct to justify restricting further use of the contact information beyond that of completing the notice phase of this action.

As the Supreme Court has stated, "the mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." *Bernard,* 452 U.S. at 104, 101 S.Ct. 2193. Significantly, in rejecting the lower court's rationale for the court's blanket restriction on counsel's communications with putative class members at issue, the Court in *Bernard* noted the restriction created difficulties not only for the class representatives but the entire class as defendant had, in an attempt to avoid litigation of plaintiffs' hiring discrimination claim, solicited releases from the

putative class members and the order "made it more difficult for ... the class representatives, to obtain information about the merits of the case from the persons they sought to represent." *Bernard,* 452 U.S. at 101, 101 S.Ct. 2193. It is therefore instructive that, in this case, Judge Skretny perceived no likelihood of potential abuse by Plaintiffs' or Defendants' counsel. The notice order, as approved by Judge Skretny, does not restrict Defendants in communicating with the conditionally certified collective action members including for the purpose of making any settlement offer to the class members who did not opt-in to the conditionally certified collective action, nor to those putative class members of the yet to be certified FLSA class regarding unpaid shift time and compulsory training, or Plaintiffs' state claims, should Defendants choose to do so. Nor does the order purport to restrict Plaintiffs' counsels' use of Defendants' employee contact information during the notice phase or thereafter.

Although the Proposed Protective Order does not *per se* seek to directly regulate Plaintiffs' future communications with Defendants' employees, as the record supports the inference that without such information Plaintiffs would be effectively disabled from doing so, the court finds that Defendants' restrictions as stated in the Proposed Protective Orders effectively operate as a blanket restriction similar in substance to the general ban on such communications struck down in *Bernard.* It is significant that Judge Skretny determined that without access to Defendants' employee contact information Plaintiffs would have been unable to provide the approved form of notice to the putative class and, accordingly, ordered discovery of the employee contact information, subject to limited privacy-related restrictions. Decision and Order at 18–19. Accordingly, the Pro-

posed Protective Order constitutes a generalized prohibition on any communications by Plaintiffs with putative class members, rather than a "narrowly tailored" restriction as Defendants' attempt to characterize it. Defendants' Memorandum at 1. Defendants offer nothing, as is their burden, to show Plaintiffs may effectively communicate with putative class members without using Defendants' employee contact information.

Likewise, Defendants' attempt to justify the proposed restriction on Plaintiffs' use of the contact information as necessary to protect the privacy interests of Defendants' employees is of doubtful validity. To the extent the employees had such a need for privacy, Judge Skretny's determination that Defendants were obliged to provide the contact information to Plaintiffs effectively held those interests should give way to the employees' important interests, created by the FLSA, to be appraised of Plaintiffs' qualifiedly certified collective action and their right to elect to consent to join in the action to gain the additional compensation to which Plaintiffs assert they and similarly situated employees are entitled. Contrary to Defendants' unsupported supposition, such an employee's privacy is affected when counsel "discovers" the employee's "legal affairs," not when counsel communicates, as in this case, directly with the employee about the matter, *i.e.*, the employee's potential membership in the collective action or class. *Shapero v. Kentucky Bar Assoc.*, 486 U.S. 466, 477, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). Therefore, Defendants' desire to protect their employees' privacy provides no basis for the Proposed Protective Order.

Although Judge Skretny's order was, as Defendants note, limited to notification of the Plaintiffs' conditionally certified FLSA claim—the meal break pay issue—to read the order to restrict Plaintiffs' counsels' ability to communicate, using the employee information provided by Defendant, with the uncertified collective action class members about the litigation and the merits of Plaintiffs' claims, absent a showing of the required degree of abuse, would effectively open Judge Skretny's order to serious constitutional challenge. *Bernard*, 452 U.S. at 104, 101 S.Ct. 2193 (court regulation of communications in class actions must avoid "serious restraints on expression"). Thus, this court declines to adopt Defendants' construction of Judge Skretny's order. Additionally, in exercising a court's discretion to supervise FLSA collective actions, the strong remedial policy underlying FLSA actions must be given weight. As the Supreme Court observed in *Hoffmann–La Roche, Inc.* regarding the proper handling of FLSA claims: "The broad remedial goal of the statute should be enforced to the full extent of its terms." *Hoffmann–La Roche, Inc.*, 493 U.S. at 173, 110 S.Ct. 482. Thus, Plaintiffs' counsels' need to foster awareness of the statutory rights of Defendants' employees and to establish Plaintiffs' claims through fact discovery cannot be sublimated to Defendants' unsubstantiated fears of over reaching misconduct by Plaintiffs' counsel.

Finally, Defendants contend that as the Proposed Protective Order merely restricts Plaintiffs from using Defendants' employee contact information for any communication other than for the purposes of providing notice of the putative class members' opt-in right, Plaintiffs' First Amendment right to communicate with these employees for other purposes is not impaired. Defendants' Reply at 3–4. However, as the proposed restriction amounts, as a practical matters, to a substantial restriction on Plaintiffs' ability to effect an attorneys' communications with prospective clients (and Defendants have not demonstrated otherwise), Discussion, *supra*, at

97–98, the Proposed Protective Order must be tested under First Amendment requirements protective of such communications as a form of commercial speech as well as requirements for an order pursuant to Fed. R. Civ. P. 23, requiring Defendants demonstrate upon "clear record" and "specific findings" "a likelihood of serious abuse[ ]." *Bernard,* 452 U.S. at 101, 104, 101 S.Ct. 2193. The record in this case provides no evidence to support any such finding. Additionally, Defendants concede that a primary rationale for their motion was their "concern about *potential* abuses of such information." Defendants' Reply at 5 n. 2 (underlining added). "But the mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the information of a class or the prosecution of a class action in accordance with the Rules." *Bernard,* 452 U.S. at 104, 101 S.Ct. 2193.

■ Defendants also contend that without the requested restrictions Plaintiffs will use the contact information to "solicit and/or drum up additional interest in other aspects of their case." Defendants' Reply at 4. However, even restrictions on solicitation by attorneys, (assuming for the sake of analysis that Plaintiffs' counsels' future communications constitute solicitations for their legal services in this case), including Plaintiffs' attorneys' probable efforts to encourage participation in the uncertified collective and class actions, are similarly subject to First Amendment requirements. *See Shapero,* 486 U.S. at 477, 108 S.Ct. 1916 (targeted solicitation letters from attorneys protected under First Amendment as commercial speech despite "opportunities for isolated abuses or mistakes") (citing *In re R.M.J.,* 455 U.S. 191, 203, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982)). Unless shown to be false, deceptive or relating to illegal activity, restrictions on attorney so-

licitation letters must be in furtherance of a "substantial governmental interest and only through means that directly advance that interest." *Shapero,* 486 U.S. at 472, 108 S.Ct. 1916. Even proposed regulations of attorney solicitations that carry the potential for "abuse or confusion" may be no broader than reasonably necessary to prevent the "perceived evil." *Id.* (quoting *In re R.M.J.,* 455 U.S. at 203, 102 S.Ct. 929). Indeed, as the Second Circuit, in invalidating comprehensive regulations of attorney advertising, recently stated, "[i]t is not clear ... that a state has a substantial interest in prohibiting *potentially* misleading advertising, as opposed to inherently or actually misleading advertising." (*Alexander v. Cahill,* 598 F.3d 79, 91 n. 8 (2d Cir.2010) (italics in original and citing *Ibanez v. Fl. Dep't of Bus. & Prof'l Regulation, Bd. of Accountancy,* 512 U.S. 136, 146, 114 S.Ct. 2084, 129 L.Ed.2d 118 (1994))).

■ To be sure, the court's interest in preventing undue confusion among putative members of class or FLSA collective actions under its supervision during the certification and notification phases of the case is a substantial one. *Bernard,* 452 U.S. at 100, 101 S.Ct. 2193 (during precertification phase of class action class has "duty and broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."); *Hoffmann–La Roche, Inc.,* 493 U.S. at 171, 110 S.Ct. 482 (recognizing court authorized notice to potential class members to avoid "misleading communications." (citing *Bernard* )). However, court-imposed restrictions on an attorney's ability to communicate with prospective class members, even after completion of the initial notice phase, unless factually justified, "involve serious restraints on expression," protected by the First Amendment. *Bernard,* 452 U.S. at 104,

101 S.Ct. 2193. On the instant record, no such justification has been made by Defendants. *See Howard,* 630 F.Supp.2d at 908–09 (declining to enjoin operation of plaintiffs' website providing information about FLSA collective action during unexpired notice period absent evidence that putative class members were exposed to website thereby tainting opt-ins).

First, the risk that further communications by Plaintiffs to Defendants' employees who did not opt-into the collective action may create confusion with the court approved notice in the conditionally certified collective action directed to Plaintiffs' claim for unpaid wages for meal-breaks is non-existent here as the 60–day opt-in period has expired. Second, while it is undoubtedly the case, as Defendants contend, that Plaintiffs may seek, using Defendants' contact information, to communicate with those of Defendants' employees who did not opt into the conditionally certified collective action, as well as those employees who could be included in any subsequently certified collective or class action regarding Plaintiffs' other claims, such as for unpaid shift-change and mandated training time, Defendants have not provided any evidence to support a finding that Plaintiffs, in the course of such communications, will provide confusing, false or deceptive information regarding the litigation sufficient to support the wholesale restrictions on using the contact information for such purposes as sought by Defendants. Therefore, Defendants fail to demonstrate, as is their burden, that the Proposed Protective Order will "directly advance" a "substantial governmental interest," *Shapero,* 486 U.S. at 472, 108 S.Ct. 1916. As such, Defendants' requests, as stated in the Proposed Protective Order, as well as Defendants' alternative request to require further Plaintiffs' communications with putative class members be subject to prior judicial approval, if granted, would exceed the court's discretion available under Rule 23 and constitute an undue infringement of Plaintiffs' and Plaintiffs' counsels' First Amendment rights to engage in protected commercial speech. As the Court in *Bernard,* opposite to this case, stated, in order to further the court's ability to properly supervise a class action "less burdensome remedies may be appropriate . . . [i]ndeed, in many cases there will be no problem requiring remedies at all." *Bernard,* 452 U.S. at 104, 101 S.Ct. 2193.

■■■ Defendants also argue that Plaintiffs may not use the contact information for any purpose other than to facilitate the notice that has been already provided. Defendants' Reply at 4. Specifically, Defendants contend that as such contact information was only discoverable because it was required to enable Plaintiffs to provide notice of the particular conditionally certified collective action claim, it was not available to Plaintiffs, and so cannot now be used by Plaintiffs to facilitate communications to any of Defendants' employees for purposes of soliciting support for the remaining uncertified class claims. *Id.* (citing cases). While Defendants correctly state that discovery of a defendant's employees, as relevant to an FLSA collective action for unpaid wages, is conditioned upon court certification, *see, e.g. Searson v. Concord Mortgage Corp.,* 2008 WL 961624, at *1 (E.D.N.Y. April 8, 2008) (no discovery of defendant's employees in FLSA action prior to plaintiff's request for conditional certification of class), it does not follow, as Defendants impliedly argue, that FLSA collective action plaintiffs are thereby prevented from further use of such information so obtained in communicating with other employees who, as with the instant action, may be putative members of a yet to be certified class. Defendants cite to no authority for such a proposition, and

the court's research reveals none. Rather, in federal civil actions, restrictions on discovery require a showing of good cause for the purpose of protecting a party against annoyance, embarrassment, oppression, or undue burden or expense by means, as relevant, of limitations on the scope of disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(D).

Here, significantly, Judge Skretny's order provided no express limitation on the further use of contact information provided by Defendants, and Defendants perceived no need to request one until filing the instant motion, after the notice process commenced. Moreover, as discussed, Defendants fail to point to any evidence that Plaintiffs will or are likely to utilize the contact information in improper ways so as to confuse, deceive, harass, or misinform those employees who have not opted into the conditionally certified class in regard to the status of Plaintiffs' other collective or class action claims. Moreover, although Judge Skretny declined to certify the full scope of the class as sought by Plaintiffs, the information was properly obtained by Plaintiffs as a result of the partial certification. Nor will the court credit Defendants' unsupported intimations, Defendants' Memorandum at 4, of probable Disciplinary Rule violations by Plaintiffs' counsel. *See Howard*, 630 F.Supp.2d at 905 (court declined to accept defendant's "speculation" of improper conduct by plaintiff's counsel's future "violation of applicable ethical rules on solicitation of clients"). Thus, the court finds no basis on which the employee contact information which Plaintiffs have lawfully obtained is subject to the limitations on its further use by Plaintiffs as Defendants now request. Further, Plaintiffs are no doubt well-aware that such conduct, if established, could result in sanctions including voiding of opt-in elections or even decertification, *Hoffmann–La Roche, Inc.*,

493 U.S. at 172, 110 S.Ct. 482 (recognizing court's authority to "cancel consents obtained in an improper manner.").

Defendants' cases, Defendants' Memorandum at 4, are not to the contrary. In *Jackson v. Papa John's USA, Inc.*, 2009 WL 650181 (N.D.Ohio Mar. 10, 2009), an FLSA collective action, the court denied plaintiffs' request that defendant be prohibited from communicating with a group of defendant's assistant managers and that a corrective notice be sent to the managers. *Jackson*, 2009 WL 650181 at *1. Specifically, the court found no evidence of "coercive, misleading or improper communications" by defendant. *Id.*, at *2. As discussed, Defendants have not pointed to any improper communications by Plaintiffs and, accordingly, on its facts, *Jackson* supports Plaintiffs' opposition to Defendants' motion.

In *Ruggles v. WellPoint, Inc.*, 591 F.Supp.2d 150, 165 (N.D.N.Y.2008), an FLSA collective action, the court found no violation of plaintiffs' First Amendment rights in engaging in communications with putative collective action members during the notice period following mailing of the court approved form of notice and directed plaintiffs to cease advertisements, including plaintiffs' website, directed to the putative class. Although in *Ruggles*, defendants asserted plaintiffs had established a "record of abuse or misleading statements," *id.*, at 164, the court made no findings that defendants' assertions were true. *Id.* (noting "the *potential* for abuse and confusion") (underlining added). Because in this action, the notice and opt-in period is closed, the need, as perceived by the court in *Ruggles* for judicial control over attorney-initiated notice does not apply. Accordingly, the court's rationale for imposing direct judicial controls over further communications with the putative class members in *Ruggles* does not sup-

port Defendants' motion. Moreover, to the extent the order in *Ruggles* purported to restrict plaintiffs' communication with putative collective action class members in order to prevent potential deception and confusion without a specific showing of an actual need to avoid a likelihood of abusive conduct, the order would constitute an abuse of discretion. *See Colozzi v. St. Joseph's Hospital Health Center*, 2009 WL 2045315 at *3 (N.D.N.Y. May 27, 2009) (absence of weighing of competing interests by magistrate judge requires vacatur of order prohibiting communications between plaintiffs and potential opt-in plaintiffs). Here, no such showing has been proffered by Defendants and therefore *Ruggles* provides no support for Defendants' motion. *See also Bernhardi* at 6 (affirming denial by magistrate judge of defendants' request to prohibit use of plaintiffs' website to provide information to prospective plaintiffs absent a showing of likelihood of serious abuse) (citing *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 601–02 (2d Cir.1986)). Thus, the cases relied upon by Defendants in support of the Proposed Protective Order are either inapposite to the specific issues raised by Defendants' motion in this case or are inconsistent with applicable law governing the exercise of judicial discretion in regulating class actions and protecting Plaintiffs' First Amendment rights to communicate with prospective putative collective and class action members.

Moreover, Plaintiffs have a right to seek information from putative class members, *Bernard*, 452 U.S. at 101, 101 S.Ct. 2193 (recognizing class action plaintiffs' right to obtain information regarding merits of action from prospective class action members); *Wiegele v. Fedex Ground Package System*, 2007 WL 628041, at **2–3 (S.D.Cal. Feb. 8, 2007) (recognizing state wage and hour class plaintiffs' right to obtain evidence to support plaintiffs' dam-

age claims from putative class members after denial of class certification and noting absence of legal basis for court-approved communications to putative class members after motion for class certification has been denied) (citing caselaw), and Defendants have failed to justify any restriction on Plaintiffs' right to do so.

Accordingly, as Defendants have failed to make a sufficient showing of abuse to establish the requisite factual basis for the Proposed Protective Order, Defendants' motion should be DENIED.

## CONCLUSION

Based on the foregoing, Defendants' motion (Doc. No. 228) is DENIED.

SO ORDERED.